UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jose Jacob Otero Escalante, | Case No. 25-cv-3051 (ECT/DJF) |
| Petitioner, | |
| v. | REPORT & RECOMMENDATION AND ORDER |
| Pamela Bondi, Attorney General et al., | |
| Respondents. | |

This matter is before the Court on Petitioner Jose Jacob Otero Escalante's Emergency Motion for Temporary Restraining Order and Preliminary Injunction ("Motion") (ECF No. 4). Mr. Otero Escalante is currently in custody at the Immigration and Customs Enforcement ("ICE") Detention Center in Albert Lea, Minnesota. (*See* ECF No. 1 ¶ 13.) Mr. Otero Escalante is a citizen of Honduras who entered the United States in February 2014 without authorization. (*See id.* at ¶¶ 32-33; *see also* ECF No. 2-2 at 1, stating that he was "not then admitted or paroled by an Immigration Officer".) In the time since, until June 23, 2025, he has stayed under the government's radar—neither committing any crimes nor obtaining immigration status permitting him to remain in the United States. (*See* ECF No. 1 ¶ 34; ECF No. 2-2 at 1.) On that date, ICE agents arrested Mr. Otero Escalante in Burnsville, Minnesota in a Home Depot parking lot. (ECF No. 6 at 25.) At the time of his arrest—over 11 years after he arrived—he was hundreds of miles from any United States border and was not at a port of entry. (*Id.*)

On July 29, 2025, Mr. Otero Escalante filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") (ECF No. 1), naming as Respondents various federal officials charged with enforcing the nation's immigration laws and the Sheriff of Freeborn County, who

1

manages the Freeborn County Law Enforcement Center where the ICE Detention Center holding him is located. His Petition stems from his June 27, 2025 request for a bond hearing pursuant to 8 U.S.C. § 1226(a) ("Section 1226(a)"). (*See* ECF No. 2-4 at 2.) On July 9, 2025, an Immigration Judge ("IJ") denied the request on the ground that the government had detained him pursuant to section 235(b)(2)(A) of the Immigration and Nationality Act (codified at 8 U.S.C. § 1225(b)(2)(A)) ("Section 1225(b)(2)(A)"), which does not allow for release on bond. (*See* ECF No. 2-5 at 1.) The IJ also cited to Q. Li, 29 I&N Dec. 66 (BIA 2025), as mandating application of Section 1225(b)(2)(A). (*Id.*) Mr. Otero Escalante argues Respondents have improperly deprived him of his right to bond hearing by claiming he is detained under the terms of Section 1225(b)(2)(A) rather than Section 1226(a). (*See generally* ECF No. 1.) The Petition seeks various forms of relief, including: (1.) an order restraining Respondents from attempting to move him from the State of Minnesota while his Petition is pending; (2.) an order requiring Respondents to give him 72-hours' notice before moving him; (3.) expedited review pursuant to 28 U.S.C. § 1657 and 28 U.S.C. chapter 153; (4.) an order directing Respondents to either hold a bond hearing or release him immediately; (5.) declarations that Respondents' refusal to provide him a bond hearing is arbitrary and capricious and violates applicable regulatory, statutory and constitutional requirements; and (6.) reasonable attorneys' fees and costs.

Consistent with his Petition, Mr. Otero Escalante's Motion for emergency relief asks the Court to: (1.) temporarily enjoin Respondents from moving him outside of the District of Minnesota while this matter is pending; and (2.) order Respondents to provide him a bond hearing within seven days. (*See* ECF No. 4 at 3.) For the reasons stated below, the Court recommends that Mr. Otero Escalante's Motion be granted as to the first request and orders the Government to provide further briefing regarding the second request.

I.  **Legal Standard**

Federal Rule of Civil Procedure 65 authorizes the Court to grant injunctive relief in the form of a temporary restraining order. "A district court considers four factors when evaluating whether a temporary restraining order is warranted: (1) the threat of irreparable harm to the movant, (2) the balance between this harm and the injury that the injunction will inflict on other parties, (3) the probability that the movant will succeed on the merits and (4) the public interest." *Jackson v. Macalester College*, 169 F. Supp. 3d 918, 921 (D. Minn. 2016) (citing *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc))[1]. "Generally, no one of these factors is determinative." *D.M. by Bao Xiong v. Minnesota State High School League*, 917 F.3d 994, 999 (8th Cir. 2019). Rather, these factors must be balanced against one another. It follows that "where the movant has raised a substantial question and the equities are otherwise strongly in his favor, the showing of success on the merits can be less." *Dataphase Sys., Inc.*, 640 F.2d at 113.

II. **Analysis**

Before it reaches the likelihood of success on the merits, the Court examines the other factors and finds each of them weighs strongly in Mr. Otero Escalante's favor.[2] As to the first factor (irreparable harm), the Court concludes that removal of Mr. Otero Escalante to a place outside the District of Minnesota would impose significant burdens on his ability to meet with his counsel and litigate this matter. He states that he is aware of other cases in which Respondents have transferred detainees in similar circumstances around the country, causing loss of access to

---

[1] The standards for granting a restraining order are the same as those for granting a preliminary injunction. *See Turney*, 27 F.4th at 665.

[2] Since this Report and Recommendation does not address whether Respondents must provide a bond hearing, the Court focuses its analysis solely on whether Respondents ought to be temporarily restrained from removing him from the District of Minnesota.

3

their counsel and support networks and significantly delaying the proceedings. (*See* ECF No. 6 at 7-8 (citing cases).) He further asserts that in-person meetings between detainees and their counsel are necessary for assessment of claims, preparing personal declarations regarding sensitive facts, attorney-client counseling, obtaining signatures on applications and release forms, preparing testimony, and otherwise limiting the means to communicate confidentially. (*Id.* at 8.) Although access to effective counsel is not a constitutional right in a civil proceeding, the Court agrees that deprivation of access to retained counsel is plainly harmful to a litigant since it handicaps his ability to effectively present his case to the Court. *See In re Guantonamo Bay Detainee Continued Access to Counsel*, 892 F. Supp. 2d 8, 15 (D.D.C. 2012) (finding deprivation of access to counsel seriously handicaps detainees seeking to prosecute habeas claims); *see also Al Odah v. United States*, 346 F. Supp. 2d 1, 8-9 (D.D.C. 2004) (holding that government procedures may not inappropriately burden a habeas petitioner's attorney-client relationship). Given the cited history of Respondents moving immigration detainees around the country on short notice and the harms that would arise from such an action here, the Court finds that Mr. Otero Escalante has established a threat of irreparable harm.

The second factor (the balance of harms to the parties) also strongly favors Mr. Otero Escalante. As previously stated, Mr. Otero Escalante's relocation would seriously diminish his access to counsel and his ability to effectively present his claims to the Court. On the other hand, if the Court grants Mr. Otero Escalante's request, Respondents will be prevented from removing him from the geographic boundaries of this District only temporarily. Respondents arrested Mr. Otero Escalante on June 23, 2025 (*see* ECF No. 2-2 at 1) and have detained him in Minnesota since that time. The Court finds the potential harm to Respondents in ordering them to continue to do so for a few more weeks is minimal.

As to the fourth factor (the public interest), the Court finds there is substantial public interest in ensuring that Mr. Otero Escalante can effectively present his claims, which implicate the practices and policies of a federal agency engaged in the detention of immigrants throughout the nation. Mr. Otero Escalante claims the government's recent reinterpretation of the applicable laws contradicts decades of precedent, policy and practice. The public has an interest in ensuring these claims are fairly presented on the merits and not obstructed by Mr. Otero Escalante's potential removal to a location where access to his attorneys would be impeded.

Finally, the Court finds the likelihood of success on the merits weighs in favor of granting Mr. Otero Escalante's request. Mr. Otero Escalante contends that Respondents have improperly detained him under the terms of Section 1225(b)(2)(A) and have thus unlawfully denied him his right to a bond hearing. (*See* ECF No. 6 at 2.) He raises numerous arguments arising under the statutory text of the Immigration and Nationality Act, regulations effecting the Act, the legislative history of the Act, the longstanding practices of the Department of Homeland Security in enforcing the Act, and recent case law that found enforcement actions similar to the one at issue to be unlawful, *see Rodriguez v. Bostock*, No. 3:25-cv-5240 (TMC), 2025 WL 1193850, at *11 (W.D. Wash. April 24, 2025); *Gomes v. Hyde*, No. 1:25-cv-11571 (JEK), 2025 WL 1869299, at *8 (D. Mass July 7, 2025). These arguments raise "a substantial question" about the legality of the terms of his detention and his right to a bond hearing. Given how heavily the other factors weigh in Mr. Otero Escalante's favor, he has done enough to justify an issuance of a restraining order preventing Respondents from removing him from the District of Minnesota. *See Dataphase Sys., Inc.*, 640 F.2d at 113. This conclusion is consistent with the very purpose of a temporary restraining order: to maintain the status quo to prevent "irremediable injury to some of the parties before their claims

5

can be investigated and adjudicated." *Love v. Atchison, T. & S. F. Ry. Co.*, 185 F. 321, 331 (8th Cir. 1911).

For the foregoing reasons, the Court recommends that Mr. Otero Escalante's Motion be granted insofar as he seeks an order preventing his removal from the District of Minnesota. Due to the exigent circumstances at issue here, including Mr. Otero Escalante's potentially unlawful detention without bond and the immediate harm likely to result from his removal, the Court recommends issuing the order without additional notice. Pursuant to Rule 65, the Order should expire within fourteen days of its entry or upon the conclusion of this action, whichever is sooner, unless the Court finds good cause for an extension or Respondents consent.

### III.  Objections

Given the expedited nature of these proceedings, the Court is altering the standard timelines for Respondents to file objections to this Report and Recommendation. *See* L.R. 72.2(b)(1) ("A party may file a serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy of the recommended disposition, *unless the court sets a different deadline*.") (emphasis added). Respondents must file any objection to this Report and Recommendation by 5:00 PM on August 1, 2025.

### RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner Jose Jacob Otero Escalante's *Emergency Motion for Temporary Restraining Order and Preliminary Injunction* (ECF No. 4) be **GRANTED IN PART** insofar as Respondents should be enjoined from moving him outside the District of Minnesota until fourteen days after the filing of an order adopting this Report and

Recommendation or the conclusion of this action, whichever is sooner, unless the Court extends it for good cause shown or Respondents consent to an extension.

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Respondents must file any objection to this Report and Recommendation by **5:00 PM on August 1, 2025**; and

2. Respondents shall file their briefing in response to Petitioner Jose Jacob Otero Escalante's *Emergency Motion for Temporary Restraining Order and Preliminary Injunction* (ECF No. 4) on or before **August 7, 2025**.

Dated: July 31, 2025                              *s/ Dulce J. Foster*
                                                  Dulce J. Foster
                                                  United States Magistrate Judge

**NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).