UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jose J. O. E.,                                          File No. 25-cv-3051 (ECT/DJF)

       Petitioner,

v.                                                             **ORDER**

Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Department of Homeland Security; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; Immigration and Customs Enforcement; Sirce Owen, *Acting Director for Executive Office for Immigration Review*; Executive Office for Immigration Review; Peter Berg, *Director, Ft. Snelling Field Office Immigration and Customs Enforcement*; and Ryan Shea, *Sheriff of Freeborn County*,

      Respondents.

In a Report and Recommendation (or "R&R") filed July 31, 2025, Magistrate Judge Dulce J. Foster recommended that Petitioner's "Emergency Motion for Temporary Restraining Order and Preliminary Injunction" be granted, but only to the extent Petitioner sought to enjoin Respondents from moving him outside the District of Minnesota. ECF No. 10 at 7. Judge Foster recommended that this restriction last "until fourteen days after the filing of an order adopting this Report and Recommendation or the conclusion of this action, whichever occurs sooner." *Id*. at 7–8. Respondents objected to the R&R. *See* ECF No. 13. Respondents' only contention is that the R&R should not be accepted because the

Court lacks subject-matter jurisdiction over the action; Respondents raised no other or alternative objection specific to Judge Foster's recommendation that Respondents be enjoined from moving Petitioner outside the District of Minnesota. *See generally id.*

Respondents' subject-matter-jurisdiction contention also represents a challenge to the merits of Petitioner's claims. Why this is so deserves a brief explanation. Respondents say they commenced proceedings against and detained Petitioner under 8 U.S.C. § 1225(b)(2)(A). And, according to Respondents, a separate provision—8 U.S.C. § 1252(g)—strips federal courts from hearing Petitioner's claims in this case because the claims all challenge the decision to commence these proceedings. Petitioner's claims are grounded on a fundamental disagreement with the Government's understanding of the facts and the law. According to Petitioner, § 1225(b)(2)(A) did not (and does not) authorize Respondents to commence proceedings against or detain him, and he claims the facts show the Government did not commence proceedings or detain him under that statute. Petitioner claims Respondents detained him under 8 U.S.C. § 1226(a). Petitioner seeks a bond hearing under this provision, and there seems to be no disagreement that the Court would possess subject-matter jurisdiction over a claim seeking a bond hearing under this provision. Understandably, owing to the temporary or preliminary nature of these proceedings, these legal questions have not been thoroughly addressed by the parties.

To enable full and fair consideration of these questions, and because Respondents did not object separately or specifically to Judge Foster's recommendation, **IT IS ORDERED THAT**:

1. The Report and Recommendation is **ACCEPTED**.

2. Respondents are enjoined from moving Petitioner outside the District of Minnesota until August 19, 2025.

3. A telephone status conference is scheduled for **August 6, 2025**, beginning at 12:15 p.m.


Dated:  August 4, 2025                             s/ Eric C. Tostrud
                                                   Eric C. Tostrud
                                                   United States District Court